Matter of Ozeri (2024 NY Slip Op 02709)

Matter of Ozeri

2024 NY Slip Op 02709

Decided on May 15, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.

2022-08412

[*1]In the Matter of Mitchell Moses Ozeri, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Mitchell Moses Ozeri, respondent. (Attorney Registration No. 2347425)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 20, 1990.

Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.
Foley Griffin LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated October 12, 2022, containing four charges of professional misconduct. The respondent served and filed an answer dated October 31, 2022, essentially admitting to the factual allegations in the verified petition but denying the conclusions of law therein. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated November 7, 2022, to which the respondent submitted a response dated November 16, 2022. By decision and order on application dated January 3, 2023, this Court referred the matter to David I. Ferber, as Special Referee, to hear and report. A pre-hearing conference was held on February 15, 2023, and a hearing was held on April 18, 2023. In a report dated June 9, 2023, the Special Referee sustained all four charges in the petition. The Grievance Committee now moves for an order confirming the findings in the Special Referee's report, and imposing such discipline upon the respondent as this Court deems just and proper. The respondent, through counsel, submits an affirmation in which he does not dispute the Special Referee's report, and requests the discipline imposed be limited to public censure.
The Petition 
The verified petition contains four charges of professional misconduct. At all times relevant herein, the respondent maintained an attorney escrow account at JPMorgan Chase, entitled "MITCHELL M. OZERI PC, ATTORNEY TRUST ACCOUNT IOLA," with account number ending in 3575 (hereinafter the escrow account).
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law in violation of rule 1.15(a) of the Rules of Professional [*2]Conduct (22 NYCRR 1200.0). The respondent represented Kimberly Pritchett, Ken Alexander, Anette Francis, and Harry Morales on separate personal injury matters, and on each matter, withdrew his legal fee before depositing the corresponding settlement into the escrow account.
The respondent settled the Pritchett case for $120,000, and withdrew his legal fee from the escrow account on three dates, February, 4, 2021 ($2,300), February 10, 2021 ($1,000), and February 11, 2021 ($1,000). However, the respondent did not deposit the settlement check into the escrow account until February 16, 2021.
The respondent settled the Alexander case for $7,000, and withdrew his legal fee from the escrow account on April 2, 2021 ($1,400), and April 5, 2021 ($200). However, the respondent did not deposit the settlement check into the escrow account until April 6, 2021.
The respondent settled the Francis case for $25,000, and withdrew his legal fee from the escrow account on April 2, 2021 ($6,000), and April 9, 2021 ($2,100). However, the respondent did not deposit the settlement check into the escrow account until April 19, 2021.
The respondent settled the Morales case for $7,500, and withdrew his legal fee of $1,400 from the escrow account on April 12, 2021. However, the respondent did not deposit the settlement check into the escrow account until April 19, 2021.
As the respondent withdrew his legal fees prior to depositing the settlement checks in all the client matters above, his legal fees were paid by other client funds in the escrow account.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law in violation of rule 1.15(a) of the Rules of Professional Conduct.
On or about December 28, 2020, the respondent deposited a $24,000 settlement check into the escrow account for client Jarell R. Davis. The respondent withdrew his legal fee totaling $7,200 from the escrow account on four dates: January 4, 2021 ($2,000), January 6, 2021 ($2,000), January 19, 2021 ($2,200), and January 20, 2021 ($1,000). By January 20, 2021, the escrow account balance had been depleted to $9,623.94, not the required $16,800, that should have been on deposit for the Davis matter.
On or about February 23, 2021, the respondent deposited a $25,000 settlement check into the escrow account for client Barbara Kearse. The respondent withdrew his legal fee totaling $8,000 from his escrow account on March 3, 2021 ($7,500), and March 8, 2021 ($500). By March 12, 2021, the respondent's escrow account balance had been depleted to $11,898.60, not the $17,000 that should have been on deposit for the Kearse matter.
On or about June 1, 2021, the respondent deposited a $7,500 settlement check into the escrow account for client Ange L. Joseph. On June 1, 2021, the respondent withdrew his $2,000 legal fee from his escrow account. By June 4, 2021, the escrow account balance had been depleted to $3,576.50, not the $5,500 that should have been on deposit for the Joseph matter.
Charge three alleges that the respondent commingled personal funds with funds that had been entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct. Between on or about January 4, 2021, and July 30, 2021, the respondent maintained client funds on deposit in the escrow account, and during that period left earned legal fees in the escrow account.
Charge four alleges that the respondent failed to maintain required bookkeeping records for the escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct. The "[r]espondent failed to maintain a contemporaneous ledger or similar record for his escrow account showing the source of all funds deposited therein; the names of all persons for whom the funds were held; the amount of such funds; the description and amounts; and the names of all persons to whom such funds were disbursed."
The Hearing Evidence 
As to charge one, the respondent admitted to the allegations, and testified at his examination under oath that clients Pritchett, Alexander, Francis, and Morales all received their settlement funds. The escrow account records confirm that the respondent paid himself his legal fees for the Alexander, Francis, and Morales matters before paying his clients their share of the settlement. When questioned regarding his untimely deposits of settlement checks, the respondent testified, "It was just sloppy. I'm sloppy. I wasn't focused. And it was no (sic) venal intent."
As to charge two, the respondent admitted his misconduct, and testified that clients, Davis, Kearse, and Joseph all received their settlement funds. As to charge three, the respondent admitted that he kept earned attorney fees in the escrow account.
According to the respondent's testimony and escrow account records for a six-month period, there were approximately 127 incoming and outgoing transfers from the escrow account to five other bank accounts that the respondent maintained for his personal businesses running homeless shelters through a New York City program. The respondent admitted that he essentially used funds from the escrow account to loan money to his businesses when the businesses needed funds. Upon receiving payment from the New York City program on a monthly basis, the respondent returned the funds to the escrow account "until [he] needed them again." Despite the alarming number of these transactions, the respondent admitted that he did not keep a ledger for the escrow account until after the Grievance Committee's investigation. The Special Referee, in sustaining all four charges, found that the respondent expressed honest remorse for his actions.
Findings and Conclusion 
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that this Court issue a public censure in view of the mitigation presented, including, inter alia, the respondent's remorse, cooperation with the Grievance Committee, evidence of his good character, the fact that there were no known financial loss to clients or third parties, and that the underlying conduct occurred during a period of personal stress.
Notwithstanding the aforementioned mitigating factors, it cannot be said that the respondent's misconduct was isolated. As reflected in the record, the respondent did not keep an escrow account ledger, and as such was unaware of what funds were in the escrow account prior to making the aforementioned deposits and withdrawals. During a six-month period, the respondent conducted approximately 127 transactions from the escrow account for his other businesses, left earned legal fees in the escrow account, withdrew funds from the escrow account prior to depositing the settlement checks on four client matters, and did not maintain a sufficient balance in the escrow account.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years. LASALLE, P.J., DILLON, DUFFY, BARROS and FORD, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Mitchell Moses Ozeri, is suspended from the practice of law for a period of two years, commencing June 14, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 15, 2025. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mitchell Moses Ozeri, shall desist and refrain from (l) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mitchell Moses Ozeri, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court